MOSES GIDDINGS *versus* SAMUEL DUDLEY.

An agent having received money of his principal, and paid it in the course of business in his agency to a creditor of the principal, and both agent and creditor having settled their accounts with him, the creditor not allowing the payment, and the agent refunding it : — *Held,* that the principal, on proving the facts, may, nevertheless, recover the money of the creditor in a suit in his own name.

ON REPORT of the case by HATHAWAY, J.

This was an action on the case for money had and received. The plaintiff was conducting lumbering business in 1855; William McLellan was his general agent, receiving and paying out money; and the defendant boarded his men and drove his logs. Sometimes the plaintiff, and sometimes McLellan paid money to the defendant. July 2, 1855, the plaintiff himself settled accounts with the defendant. In February, 1856, he settled with McLellan, when McLellan claimed to have paid fifty dollars to the defendant, which had not been included in the plaintiff's settlement in July. If so paid, the defendant was overpaid to that amount.

The case was submitted to the Court, and the Court found that McLellan received of the plaintiff, June 7, 1855, $150, which sum he paid out in the plaintiff's business; and that he paid $50 of the sum to the defendant, as he alleged. In the settlement of the plaintiff with McLellan, he having no voucher from the defendant for the $50, and the defendant denying that he had received it, it was struck out of McLellan's account, and the account was thus settled. McLellan had no business of his own with the defendant.

A nonsuit or default was to be entered, according as the Court should determine, that this action could or could not be maintained in the plaintiff's name.

*Blake & Garnsey,* for the plaintiff, argued, that McLellan, being the agent of the plaintiff, having paid the money to the defendant for the plaintiff, and having no business of his own

with the defendant, it was the same as though the plaintiff himself had paid the money to the defendant. If he paid it by another, he can recover as though he had paid it himself. The fact that he did not allow the payment in his settlement with McLellan makes no difference. No bargain between the plaintiff and McLellan can affect the rights of the defendant. There is no privity between McLellan and the defendant. McLellan acted as agent or clerk for the plaintiff. Had he, as clerk, sold goods to the defendant, and, on defendant's denying the receipt of them, been required by his principal to settle for them himself, could not the principal, if afterwards he could prove the sale, sue the defendant in his own name?

*Sewall*, for the defendant, contended, that McLellan received the $150 of the plaintiff on a general account between them, and having settled for the whole sum subsequently, the plaintiff has lost nothing, and cannot maintain this action. McLellan voluntarily paid back the $50 to the plaintiff, knowing all the facts; under these circumstances, it is a settled principle of law that he cannot recover it of him again. The plaintiff is not, therefore, liable to refund it to McLellan, and cannot recover on the ground of any such supposed liability. If the defendant is liable to any one, it is to McLellan. If the plaintiff recovers in this action, he gets $200 for his $150.

The opinion of the Court was drawn up by

APPLETON, J. — When the plaintiff and the defendant settled, on July 2, 1855, the latter had in his hands fifty dollars of the former's money, which had been paid him by one McLellan, the plaintiff's agent, but the payment of which the defendant, as the case finds, falsely or through mistake denied. In the settlement there was an overpayment through mistake. Had the plaintiff, after discovering it, the next day commenced his action therefor, it is not denied that it might have been maintained. It is not perceived why it is still not equally maintainable. The defendant still wrongfully withholds it.

The privity of contract exists only between these parties. It is now equally the money of the plaintiff in the hands of the defendant as at the date of the overpayment.

*Defendant defaulted.*

TENNEY, C. J.; and CUTTING, MAY, DAVIS, and KENT, JJ., concurred.